**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4279**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID Q. WARD,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Beaufort.  Sol Blatt, Jr., Senior District Judge.  (9:06-cr-00831-SB)

Submitted:  September 28, 2007       Decided:  November 5, 2007

Before NIEMEYER, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  Sean Kittrell, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Without a plea agreement, David Q. Ward pled guilty to possession with intent to distribute cocaine base ("crack") and cocaine, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(C) (West 1999 & Supp. 2007) (Count One), and using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1)(A)(i) (West Supp. 2007) (Count Three). The district court sentenced Ward to 101 months in prison: forty-one months on Count One and a consecutive sixty months on Count Three. Ward appeals his convictions and sentence. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious grounds for appeal but challenging the adequacy of the Fed. R. Crim. P. 11 hearing and questioning whether the sentence imposed by the district court was reasonable. Ward was advised of his right to file a pro se supplemental brief, but he did not file one. We affirm.

Because Ward did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (discussing standard). Our careful review of the record convinces us that the district court substantially complied with the mandates of Rule 11 in accepting Ward's guilty plea and ensured that Ward entered his plea knowingly and voluntarily and that the plea was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

- 2 -

Turning to Ward's sentencing challenge, in imposing a sentence after United States v. Booker, 543 U.S. 220 (2005), a court still must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). This court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory [g]uidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of rebuttable presumption of reasonableness to within-guidelines sentence).

The district court sentenced Ward only after considering and examining the sentencing guidelines and the § 3553(a) factors, as instructed by Booker. Ward's 101-month sentence, consisting of forty-one months for Count One and a consecutive sixty months for Count Three, is within the properly calculated advisory guideline range and well within the statutory maximum of twenty years and life, set forth respectively in 21 U.S.C.A. § 841(b)(1)(C) for Count One and 18 U.S.C.A. § 924(c)(2) for Count Three. Neither Ward nor the record suggests any information so compelling as to rebut the presumption that the sentence is reasonable. We therefore conclude that the sentence is reasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious issues and have found none.  Accordingly, we affirm the district court's judgment.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>